UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>NEW ENGLAND GREENS, LLC, ET AL,<br><br>*Defendants*. | No. 3:24-cv-1562 (OAW) |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

The United States of America has filed a Motion for Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC"), pursuant to 26 U.S.C. § 7402(a) and Rules 64 and 65 of the Federal Rules of Civil Procedure. In its motion, it seeks a TRO requiring New England Greens, LLC ("NEG") to freeze distributions and payments made to Paige and Theodore Parker ("the Parkers"), unless NEG deposits 20% of any distributions into the court's registry, and to temporarily prevent NEG and the Parkers from renegotiating the Parkers' ownership interests. ECF No. 14. Plaintiff seeks this injunction based on allegations made in Count 2 of the complaint, ECF No. 1, which claims that a 2007 federal tax lien on Mark Timon's 20% ownership interest in NEG that was then transferred from Timon to the Parkers subject to the lien, continues to encumber a 20% ownership interest of NEG. ECF No. 14-1. It also seeks an OSC as to why the terms of the TRO should not continue as a preliminary injunction pending determination of the case on the merits. The court has reviewed Plaintiff's memorandum of law, complaint, and supporting materials, as well as Defendants' response. For the reasons set forth below, Plaintiff's motion is **GRANTED** and Defendants hereby are ordered to show cause before this court on

1

**November 25, 2024,** why the requested relief should not continue as a preliminary injunction pending determination of the case on the merits.

Section 7042(a) of the Internal Revenue Code authorizes courts to "to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws[.]" *United States v. Buddhu*, No. 08-cv-0074 (CFD), 2009 WL 1346607, *5 (D. Conn. May 12, 2009). Courts within the Second Circuit assess "traditional equity considerations" when evaluating the appropriateness of injunctive relief under § 7402(a). *See United States v. Pugh*, 717 F. Supp. 2d 271, 300-01 (E.D.N.Y. 2010) (citations omitted); *United States v. Azeez-Taiwo*, No. 15-CV-4225 (DLI), 2017 WL 4443471, *4 (E.D.N.Y. Sept. 30, 2017) ("Courts in this Circuit hold that parties seeking an injunction under section 7402(a) must satisfy the traditional injunction factors."). Among them are: "(1) irreparable harm; and either (2) likelihood of success on the merits; or (3) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant." *Kinderhill Select Bloodstock, Inc. v. United States*, 835 F. Supp. 699, 700 (N.D.N.Y. 1993) (citing *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

Plaintiff has demonstrated that the TRO is "necessary or appropriate," and that traditional equity considerations weigh in its favor. First, Plaintiff will suffer irreparable harm without the TRO because future distributions to the Parkers from NEG will deplete assets to which Plaintiff claims it is entitled. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 147 F.R.D. 66, 68 (S.D.N.Y. 1993) (finding irreparable injury because assets were likely to disappear in the absence of an injunction). Additionally, should Plaintiff prevail on its claim, it would be forced to expend time and resources recovering

2

assets from the Parkers. *United States v. Sang*, No. 21-CV-4266 (KAM), 2022 WL 581012, *11 (E.D.N.Y. Feb. 26, 2022) (finding irreparable harm due to lost tax revenue and resources expended in investigating defendants).

Second, Plaintiff has established that there are sufficiently serious questions going to the merits of this matter. Mr. Timon's outstanding debt to the government and the possible claims upon assets transferred by him to the Parkers is evinced in the material provided by Plaintiff, including the Northern District of New York's order, ECF No. 14-1, the Bankruptcy Order setting out Mr. Timon's bankruptcy plan, ECF No. 14-11, and the Amended and Restated Consulting Agreement that set out the transaction between Mr. Timon and the Parkers, ECF No. 14-7.

Third, the balance of hardships weighs in favor of Plaintiff due to the risk of dissipating assets, and because Plaintiff only seeks 20% of NEG distributions to be allocated to the court's registry during the pendency of this matter. *Pugh*, 717 F. Supp. 2d at 302-03 (finding the balance of hardships weighed in the movant's favor, even though the defendants would "be denied the right to earn a livelihood" as tax preparers). The foregoing reasons demonstrate that the TRO is necessary and appropriate to enforce tax laws against the defendants pursuant to 26 U.S.C. § 7402(a).

Based on the foregoing, **THE COURT HEREBY ORDERS:**

1. New England Greens, LLC, their attorneys or agents, and anyone acting in concert with them, are restrained, enjoined, and prohibited from, directly or indirectly, making any ownership or member distributions to Defendants Theodore Parker and Paige Parker, without depositing 20% of the amount of such distributions into the court's registry;

2.  New England Greens, LLC, their attorneys or agents, and anyone acting in concert with them, are restrained, enjoined, and prohibited from, directly or indirectly, making any payments or transfer of money or other assets to Defendants Theodore Parker and Paige Parker pursuant to their ownership interests in NEG without depositing 20% of the value of such payments or transfers of money or other assets into the court's registry; and

3.  Theodore Parker, Paige Parker, New England Greens, LLC, and their respective attorneys, agents, and anyone acting in concert with them, are restrained, enjoined, and prohibited from, directly or indirectly, facilitating the assignment, transfer, or sale of any part of the Parkers' ownership interests in NEG, unless the recipient of such ownership interests is notified of this action, agrees to the application of the provisions of this order to them, and agrees to be bound by any final judgment;

4.  The defendants shall show cause before this court in Courtroom 2, 450 Main Street, Hartford, Connecticut, on **Monday, December 2, at 10:00 A.M.**, why the terms of the order should not be converted into a preliminary injunction.

**IT IS SO ORDERED** at Hartford, Connecticut, this 21st day of November, 2024.

                                                                /s/
                                          OMAR A. WILLIAMS
                                          UNITED STATES DISTRICT JUDGE